**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:13CV-P49-M**

**KEITH BENNETT JOHNSON**                                          **PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Keith Bennett Johnson filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241.  For the reasons that follow, the Court will deny the motion and dismiss the

action.

**I.**

Petitioner filed his § 2241 petition on May 6, 2013, and captioned it as an "emergency"

petition.  He states that he is incarcerated at Grayson County Detention Center (GCDC) on a

conviction from the U.S. District Court in the Southern District of Illinois.  He states that the

conviction violated his rights.  He states, "Clearly stated, such rights are 'life, liberty, pursuit of

happiness' and most importantly and without question 'inalienable rights' provided through this

petitioner's Sovereign Lord and Father.  This Sovereign Father is the exclusive and only true,

correct, and just Judge in this matter before a Court of lesser jurisdiction."  Petitioner states that

he seeks "Relief by way of Correction, Vacating or Set-Aside, of Conviction-Judgment-

Sentence."  Petitioner states that he has an appeal pending before the Seventh Circuit Court of

Appeals and that his appeal is a "'Dead Bang Winner' Argument/Claim/Appeal and that under

this Court/Judge's jurisdiction this is grounds to provide Relief in compliance with Habeas

Corpus Rules."  He attaches to his petition a document he filed in the Seventh Circuit Court of

Appeals.  The document indicates that he is appealing the denial of his 28 U.S.C. § 2255 motion

by the U.S. District Court in the Southern District of Illinois.

Petitioner subsequently filed an "Addendum to 2241 motion" (DN 3) on May 10, 2013,

wherein he seeks to be released immediately.  He states that he is sleeping on a concrete floor on

thin mattress pads without properly fitting linens and that he is "housed with [a] very violent

young man who could pose a threat to [Petitioner's] physical well-being."  He also states that he

was formerly incarcerated at a federal medical center and that he is not receiving the medical

care he needs at GCDC.  Petitioner also states that he fell when exiting a transport van on May 3,

2013, and was not taken to the hospital.  However, he states that he later received an x-ray,

which revealed a "bone bruise."  Petitioner further states that he learned that his father is dying

and requests to be released so that he can see him.

## II.

Generally, a federal defendant challenges his conviction and sentence by way of a motion

to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  Relief under § 2241

"is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).  A federal prisoner may challenge his

conviction and imposition of sentence under § 2241, rather than under § 2255, only if he is able

to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his

detention."  28 U.S.C. § 2255(e) (the "savings clause"); *Charles*, 180 F.3d at 755-56.  The

petitioner bears the burden of proving that his remedy under § 2255 is inadequate or ineffective.

*Id.* at 756.

Petitioner does not argue that § 2255 is inadequate or ineffective, and, in fact, he filed a

§ 2255 motion in the Court where he was convicted, which was denied, and his appeal of the

denial of his § 2255 motion is pending before the Seventh Circuit.  He therefore has failed to

show that § 2255 is inadequate or ineffective to challenge the legality of his sentence.

Accordingly, his petition will be denied and this action dismissed by separate Order.

### III.

Petitioner's request to be released to receive medical care and to visit his father might be

construed as a request for "compassionate release" from federal custody.  Such releases are

permitted by statute, which provides that a federal court may, "upon motion of the Director of

the [BOP], . . . reduce the term of imprisonment . . . if it finds that . . . extraordinary and

compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(I) (emphasis added).

A federal prisoner begins the process by requesting a compassionate release from the

Warden.  28 C.F.R. § 571.61.  If the Warden determines that a compassionate release is

warranted, his recommendation will be reviewed by the BOP's Office of General Counsel, then

by either the Medical Director or Assistant Director, Correctional Programs Division, and then

by the Director.  28 C.F.R. § 571.62(a)(1)-(3).  If the Director of the BOP grants a compassionate

release request under 18 U.S.C. § 3582(c)(1)(A), he will contact the U.S. Attorney in the district

in which the inmate was sentenced and ask the attorney to file a motion in the sentencing court

seeking a reduction of the inmate's sentence "to time served."  28 C.F.R. § 571.62(a)(4).

Petitioner is free to initiate the compassionate release process, but the Court lacks

jurisdiction to order such relief in a § 2241 proceeding.  *See Justice v. Sepanek*, No. 12-CV-74-

HRW, 2013 U.S. Dist. LEXIS 33011, at *12 (E.D. Ky. Mar. 11, 2013); *Srivastava v. United*

*States*, No. 5:10-HC-2260-D, 2011 U.S. Dist. LEXIS 84375, at *2 (E.D.N.C. Aug. 1, 2011)

(finding that habeas petition seeking release because of allegedly inadequate medical treatment

was not cognizable under § 2241).  Petitioner is advised that if the BOP declines to request a

compassionate release on his behalf, its decision is not reviewable in federal court, given the

"broad grant of discretion" which § 3582(c)(1)(A)(I) confers upon the Director of the BOP.

*Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011).

Date:    May 14, 2013

                                        Joseph H. McKinley, Jr., Chief Judge
                                              United States District Court

cc:    Petitioner, *pro se*
4414.010